NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0613n.06

No. 12-3929

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Jun 28, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| DONALD JAMES ANSON, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| | ) | NORTHERN DISTRICT OF OHIO |
| CORRECTIONS CORPORATION OF | ) | |
| AMERICA, et al., | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before:  GUY, DAUGHTREY, and WHITE,  Circuit Judges.

**PER CURIAM.**  Donald James Anson, a *pro se* federal prisoner proceeding *in forma pauperis*, appeals a district court order dismissing his civil complaint that the court construed as filed pursuant to the doctrine announced in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  This case has been referred to a panel of the court pursuant to Federal Rule of Appellate Procedure 34(a)(2)(C). Upon examination, we agree that oral argument is not needed.  Fed. R. App. P. 34(a).

Seeking monetary relief, Anson sued the Corrections Corporation of America (CCA), unnamed CCA owners, and "named and unnamed staff" of CCA's Northeast Ohio Correctional Center, claiming that the defendants violated his First Amendment right of access to the courts during his incarceration at the correctional facility from March 2006

through July 2006. Specifically, Anson alleged that he had filed a prior civil complaint, *Anson v. Bailey*, No. 1:06 CV 394 (W.D.N.Y. 2009), which the United States District Court for the Western District of New York purportedly dismissed due to a "filing error." In his current complaint, Anson alleged that he would not have made the filing error in the prior complaint had the defendants' not denied him reasonable access to the law library by limiting his use to one hour per week; by failing to provide such materials as federal reporters, civil rules, and legal dictionaries; and by failing to maintain functioning computers. Anson filed his current action in the United States District Court for the Western District of Pennsylvania. A magistrate judge there noted that the complaint was filed pursuant to 42 U.S.C. § 1983 and recommended that it be transferred to the United States District Court for the Northern District of Ohio, because Anson had not alleged that the action arose in the Western District of Pennsylvania or that any of the defendants resided in the Western District of Pennsylvania. The district court adopted the report and transferred the case to the United States District Court for the Northern District of Ohio.

Following the transfer, the district court construed Anson's complaint as filed pursuant to *Bivens,* rather than § 1983, and dismissed it *sua sponte*, concluding (1) that Anson could not pursue a *Bivens* action against the CCA, a private corporation, because a *Bivens* complaint is properly brought only against individual federal officers; (2) that the claim was barred by the applicable two-year statute of limitations; and (3) that Anson's prior lawsuit was not dismissed based on a filing error but on the merits of his claim, making the current action subject to dismissal under 28 U.S.C. § 1915(e). On appeal, Anson argues

that the district court erred in treating the complaint as a *Bivens* action, and he contests the court's finding that the complaint was barred by a two-year statute of limitations. We need not reach either question, however, because we agree that the action was properly dismissed under § 1915(e).

"We review de novo a district court's decision to dismiss a prisoner's complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B)." *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). Section 1915(e)(2)(B) authorizes dismissal if the action fails to state a plausible claim for relief or is frivolous. Moreover, "[a] complaint can be frivolous either factually or legally." *Id.* (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (holding that courts may dismiss a complaint not only when it is "based on an indisputably meritless legal theory" but also when the "factual contentions [on which it relies] are clearly baseless")). "Whether a complaint is factually frivolous . . . is a separate issue from whether it fails to state a claim for relief." *Id.* at 471. Under § 1915(e), courts may dismiss a complaint not only when it is "based on an indisputably meritless legal theory" but also when the "factual contentions [on which it relies] are clearly baseless." *Neitze*, 490 U.S. at 327.

As noted, Anson claims that the defendants' denial of access to an adequate law library resulted in the dismissal of his previous complaint because it caused him to make unspecified "filing errors." However, as the district court observed, Anson's earlier complaint was not dismissed because of filing errors. Instead, it was dismissed for lack of

subject-matter jurisdiction and because the court found that Anson had failed to exhaust his administrative remedies.

Because Anson's assertion that his ability to file a legal claim was hindered by the CCA is predicated upon a "clearly baseless" factual contention, the complaint is frivolous. As a result, the district court properly concluded that the complaint must be dismissed pursuant to § 1915(e).

The judgment of the district court is AFFIRMED.